IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STEEL, PAPER & FORESTRY )
RUBBER, MANUFACTURING, ENERGY )
ALLIED-INDUSTRIAL AND SERVICE )
WORKERS INTERNATIONAL UNION, )
AFL-CIO-CLC, )
)
          Plaintiff, )
)
vs. )  No. 06 C 1937
)
TRIMAS CORPORATION, )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

TriMas Corporation (TriMas) is an international company with 80 facilities in ten countries. One of its manufacturing facilities was located in Wood Dale, Illinois. Wood Dale was organized by plaintiff, but recognition was subsequently withdrawn on or about July 5, 2005, apparently without resulting in any legal challenges. A month later, in August 2005, plaintiff advised TriMas that it wished to commence a union organizing drive and sought certain information and access pursuant to a Neutrality Agreement that the parties had entered into in 2003. TriMas declined, contending that the Neutrality Agreement was not applicable for one year after withdrawal of recognition – not until July 2006. Plaintiff, in April 2006, filed this action to compel defendant to arbitrate the dispute over the application of the Neutrality Agreement to Wood Dale prior to July 2006.

In December 2006, TriMas sold the Wood Dale facility and all its interest in it to unrelated parties in an arms-length transaction. Defendant then moved to dismiss, contending that the Neutrality Agreement applied only to its existing facilities and that therefore this

dispute was moot. Plaintiff does not dispute the bona fides of the sale nor does it disagree that the dispute as it relates to Wood Dale is moot. But it contends that the litigation should continue because the Neutrality Agreement applies to a number of TriMas facilities and the dispute could recur at any one of them – or perhaps defendant might repurchase Wood Dale.

Federal court jurisdiction is restricted to the resolution of actual cases or controversies. A live case may become moot because of subsequent events. But the dispute may not be moot if it is likely to recur, or if dismissing the case as moot may permit a repetition of the wrong without review because the duration of the wrong is so short. Plaintiff apparently relies on both exceptions since it cites both <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 190 (2000), and <u>Weinstein v. Bradford</u>, 423 US. 147, 149 (1975).

Neither exception applies. Defendant is not claiming voluntary compliance. Rather, it is claiming that the dispute at Wood Dale is moot because of the sale. That recognition will be withdrawn at some other facility and the union will seek thereafter to initiate an organizing drive within the year is wholly speculative. And, in the unlikely event that did happen, it is even more unlikely that the affected facility would then be sold, thus cutting off the ability to seek redress. The motion to dismiss is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 31, 2007.